[Cite as *State v. Knott*, 2018-Ohio-1326.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-17-023

    Appellee                                 Trial Court No. 2016CR0025

v.

Kevin W. Knott                              **DECISION AND JUDGMENT**

    Appellant                                Decided:  April 6, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney,
David E. Romaker, Jr. and David T. Harold, Assistant
Prosecuting Attorneys, for appellee.

Mollie B. Hojnicki-Mathieson, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Kevin W. Knott, appeals the March 21, 2017 judgment

of the Wood County Court of Common Pleas which, following his guilty plea to reckless

homicide, sentenced appellant to 36 months of imprisonment.  For the reasons set forth

herein, we affirm.

**{¶ 2}** The relevant facts are as follows. On February 18, 2016, appellant was indicted on one count of involuntary manslaughter and one count of felonious assault for causing fatal injuries to the victim on January 7, 2016. The incident took place at a bar in Millbury, Wood County, Ohio, and stemmed from an altercation between appellant, his son, and other bar patrons. The victim died from blunt force trauma to the head following a fall onto a cement patio.

**{¶ 3}** On February 1, 2017, appellant entered a guilty plea to the amended charge of reckless homicide, a third-degree felony. The felonious assault charge was dismissed. Appellant was ordered to serve a maximum, 36-month sentence.

**{¶ 4}** Appellant timely appealed his conviction. Subsequently, appointed counsel for appellant filed a brief and requested leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Id.* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel must also furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise additional matters.[1] *Id.* Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if

_____

[1] Appellant has not filed a brief in this matter.

the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 5} In her *Anders* brief, counsel has assigned the following potential error for our review:

Appellant's sentence is contrary to law.

{¶ 6} In appellant's counsel's sole potential assignment of error she contends that appellant's sentence was contrary to law. We disagree.

{¶ 7} In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, we recognized that the abuse of discretion standard in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, though no longer controlling, can still provide guidance for determining whether a felony sentence is clearly and convincingly contrary to law. *Id.* at ¶ 15. *Kalish* determined that a sentence was not clearly and convincingly contrary to law where the trial court had considered the R.C. 2929.11 purposes and principles of sentencing, had considered the R.C. 2929.12 seriousness and recidivism factors, had properly applied postrelease control, and had imposed a sentence within the statutory range. *Id.; Kalish* at ¶ 18.

{¶ 8} In sentencing appellant, the trial court stated that it considered the presentence investigation report prepared in the case, the statements provided to the court, the sentencing memoranda, and appellant's criminal history. The court then

3.

indicated that it considered the purposes of sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors under R.C. 2929.12. In imposing the maximum sentence, the court specifically referenced appellant's prior criminal history and pattern of alcohol abuse, including the role alcohol played in the offense. Appellant was also given mandatory postrelease control and appeal notifications. The court's March 21, 2017 judgment entry reflected these findings.

{¶ 9} Based on the foregoing, we find that the trial court complied with the felony sentencing statutes in sentencing appellant to a maximum 36-month sentence. Accordingly, appellant's counsel's potential assignment of error is not well-taken.

{¶ 10} Upon our own independent review of the record as required by *Anders*, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is granted. The judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

4.

Mark L. Pietrykowski, J.       _____

                    JUDGE

Thomas J. Osowik, J.

                    _____

James D. Jensen, J.         JUDGE
CONCUR.

                    _____

                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.